Stephen G. Larson (SBN 145225)
Robert C. O'Brien (SBN 154372)
Emilie J. Zuccolotto (SBN 291388)
Ariana E. Fuller (SBN 301797)
**LARSON O'BRIEN LLP**
555 South Flower Street, Suite 4400
Los Angeles, CA 90071
Telephone: 213.436-4888
Facsimile: 213.623-2000
Email: slarson@larsonobrienlaw.com
robrien@larsonobrienlaw.com
ejz@larsonobrienlaw.com
afuller@larsonobrienlaw.com

Attorneys for Defendants
HOBBY LOBBY STORES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SEAN GORECKI,<br><br>        Plaintiff,<br><br>    v.<br><br>HOBBY LOBBY STORES, INC. an Oklahoma corporation, and DOES 1-10, inclusive,<br><br>        Defendants. | CASE NO. 2:17-CV-01131 JFW (SKx)<br><br>**JOINT STATEMENT REGARDING LOCAL RULE 7-3 CONFERENCE** |

NOW COME Plaintiff SEAN GORECKI ("Plaintiff") and Defendant HOBBY LOBBY STORES, INC. ("Defendant") (collectively referred to as "the Parties"), by and through the undersigned counsel and hereby respectfully submit the following Joint Statement:

1. On April 4, 2017, counsel for Defendant, Stephen G. Larson, sent a meet and confer letter regarding the substance of Defendant's proposed Motion to Dismiss Plaintiff's Complaint.

2. On April 7, 2017, counsel for Defendant, Stephen G. Larson and Emilie J. Zuccolotto, engaged in a telephonic conference with counsel for Plaintiff Michael J. Manning and Tristan P. Jankowski regarding the April 4, 2017 letter. This phone call lasted approximately 25 minutes, during which the parties discussed the substance of all three grounds Defendant raised in its letter: (1) HobbyLobby.com is not a place of public accommodation subject to Title III ADA regulation; (2) imposing liability for failing to abide certain guidelines (WCAG 2.0 Guidelines), when such guidelines have not been adopted by the U.S. Department of Justice—the governmental entity charged with administrative rulemaking under the ADA—would violate Defendant's due process rights; and (3) Plaintiff failed to satisfy Federal Rule of Civil Procedure Rule 8 pleading requirements because he did not identify an actual barrier that he encountered on HobbyLobby.com.

3. During this phone conference, Plaintiff indicated that he would file an amended complaint that would resolve only one of the three grounds upon which Defendant intended to move. Both parties recognized their disagreement with respect to the remaining two points.

4. Plaintiff filed a First Amended Complaint on April 7, 2017, which addressed one of the concerns outlined in the April 4, 2017 letter.

5. Finding that deficiencies remained in Plaintiff's amended pleading, on April 13, 2017, counsel for Defendant, Stephen G. Larson, sent Plaintiff a second meet and confer letter, repeating its first and second argument initially raised in

response to the original complaint. Defendant further explained that by removing the WCAG 2.0 Guidelines by name did not cure the due process problems that plagued Plaintiff's initial pleading. Rather, it exacerbated the issue: instead of identifying guidelines established by a private, non-governmental entity, Plaintiff was now seeking to impose unknown, unspecified, and undefined guidelines, which is an even more egregious due process violation.

6. In response to that letter, counsel for Defendant, Emilie J. Zuccolotto and Ariana E. Fuller, engaged in another telephone conference with counsel for Plaintiff, Caitlin J. Scott, on April 19, 2017, which lasted approximately 25 minutes. At the end of the telephone conference, the Parties agreed to disagree with respect to the arguments presented in Defendant's letter.

7. After this phone call, however, Defendant ultimately decided to forego its first argument that HobbyLobby.com is not subject to Title III ADA regulation, determining that it is an issue best suited for a motion for summary judgment, rather than a motion to dismiss.

8. Due to the Parties irreconcilable positions regarding whether Plaintiff's action seeks a remedy in violation of Defendant's due process rights, Defendant will file its Motion to Dismiss the First Amended Complaint.

//
//
//
//
//
//
//
//
//
///

- -
JOINT STATEMENT RE LOCAL RULE 7-3 CONFERENCE

| | |
|---|---|
| Dated: April 21, 2017 | **MANNING LAW, APC** |

By:/s/ Caitlin J. Scott
    Joseph R. Manning, Jr., Esq.
    Michael J. Manning, Esq.
    Caitlin J. Scott, Esq.
    Tristan P. Jankowski, Esq.

Attorneys for Plaintiff
SEAN GORECKI

| | |
|---|---|
| Dated: April 21, 2017 | **LARSON O'BRIEN LLP** |

By:/s/ Stephen G. Larson
    Stephen G. Larson
    Robert C. O'Brien
    Emilie J. Zuccolotto
    Ariana E. Fuller

Attorneys for Defendant
HOBBY LOBBY STORES, INC.

**Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), signatories hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: April 21, 2017

**LARSON O'BRIEN LLP**

By:/s/ Stephen G. Larson
Stephen G. Larson
Robert C. O'Brien
Emilie J. Zuccolotto
Ariana E. Fuller

Attorneys for Defendant
HOBBY LOBBY STORES, INC.